| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FRANCIS BURGA, et al.,<br>Defendants. | Case No. 18-cv-01633-BLF (SVK)<br><br>**ORDER APPOINTING SPECIAL MASTER** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

As set forth in this Court's August 16, 2019 order (Dkt. 37), the Court has determined that the appointment of a Special Master is appropriate to review the Parties' instant dispute regarding privileged documents. *See* Fed. R. Civ. P. 53(a)(1); Dkt. 37 at 13. Pursuant to Fed. R. Civ. P. 53(b)(1) and the Court's August 16, 2019 order, all Parties have notice of the Court's intent to appoint a Special Master and have had an opportunity to be heard with respect to such appointment. Accordingly, the Court **ORDERS** as follows:

1. The Court appoints Edward W. Swanson (hereinafter "Special Master") to serve as Special Master for the purpose of reviewing the remaining documents over which Respondents Francis Burga, individually and as the administrator of the estate of her late husband, Margelus Burga, and Russell Mansky (collectively, "Respondents") assert privilege. The Court has considered the declaration submitted by Mr. Swanson (Dkt. 43) and finds that he does not have a relationship with the parties, attorneys, action, or this Court that would require disqualification under 28 U.S.C. § 455.

////

////

////

////

**I. DUTIES OF THE SPECIAL MASTER**

2. Except as specifically set forth below, the Special Master will possess the full authority permitted under Fed. R. Civ. P. 53(c) to perform the duties set forth in this order.

3. The Special Master shall review and resolve all privilege claims made by Respondents and any exceptions asserted by the Government with respect to such claims.

4. The Special Master shall proceed with all reasonable diligence in accordance with the protocol described in this order and Fed. R. Civ. P. 53(b)(2). The Special Master shall have discretion to set additional procedures as he sees fit.

**II. PROTOCOL**

5. The documents to be reviewed are those that Respondents claim to be privileged in accordance with the rulings and guidelines set forth by this Court in its August 16, 2019 Order (Dkt. 37).

6. Upon the Special Master's appointment and pursuant to stipulation, the Parties shall provide the Special Master with copies of the pleadings each party filed regarding the Government's challenge to Respondents' assertion of privilege. The Parties shall also provide the Special Master with this Court's August 16, 2019 Order (Dkt. 37).

7. Respondents bear the burden of establishing their privilege claims. Respondents shall provide the Special Master with: (1) a log identifying the documents they believe to be privileged and the basis for their belief in sufficient detail to permit the Special Master and the Government to assess the privilege claim; and (2) copies of the identified documents for *in-camera* review by the Special Master. Respondents shall provide the log and the documents in the form(s) specified by the Special Master (e.g., paper or electronic media). Pursuant to stipulation, both the log and the documents must be provided to the Special Master by **December 20, 2019**.

8. If the Government disputes any of Respondents' privilege claims or believes that an exception applies, the Special Master shall resolve the dispute. The Special Master shall set deadlines for the Government to object to Respondents' privilege claims and to assert that an exception applies.

9. The Special Master shall advise the Government of any documents that the

1    Respondents agree are not privileged or that Respondents agree fall within an exception to the
2    applicable privilege.
3        10. In resolving disputes about privilege claims or exceptions, the Special Master will
4    communicate with counsel in writing pursuant to stipulation.  Counsel will have seven days to
5    respond in writing.  The Parties will also make themselves available for joint telephone calls with
6    the Special Master if requested.
7        11. The Special Master may hear oral argument and conduct other proceedings that he
8    deems necessary to resolve the dispute.  The Special Master may adopt any reasonable procedural
9    requirements, with notice to the Parties thereof.

### III.     REPORTS AND RECOMMENDATIONS

12. Pursuant to stipulation, the Special Master shall provide a written report containing his recommended resolution of the Parties' dispute and any objections or exceptions by **January 31, 2020.**

13. The Special Master shall file other reports as the Court may direct.

14. Pursuant to Fed. R. Civ. P. 53(e), the Special Master shall file any orders, reports, or recommendations with the Court under seal by e-filing the document as such, as required by Civil Local Rule 79-5(a).  In addition, the Special Master shall email copies of his orders, reports, or recommendations to counsel and the Court.

15. Pursuant to Fed. R. Civ. P. 53(b)(2)(D) and 53(f), the following procedures shall govern any action on the Special Master's orders, reports, or recommendations: Any party wishing to file objections to or a motion to adopt or modify the Special Master's order, report, or recommendation must file such objection or motion with the Court by **February 14, 2020**.  The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the Parties in connection with the Special Master's order, report, and recommendation.

16. Pursuant to the Parties' stipulation, the Special Master's findings will be reviewed for clear error under Fed. R. Civ. P. 53(f)(3)(A).  Pursuant to Fed. R. Civ. P. 53(f)(1), in acting on an

order, report, or recommendations of the Special Master, the Court shall afford each party an opportunity to be heard and, at its discretion, may receive evidence and may adopt or affirm, modify, wholly or partly reject or reverse, resubmit to the Special Master with instructions, or make any further orders it deems appropriate. The Parties will be heard on **February 27, 2019 at 10:00 a.m**.

### IV. OTHER MATTERS

17. Pursuant to Fed. R. Civ. P. 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time. The Special Master shall not communicate ex parte with any party, third-party witness, or counsel for any party or third party.

18. Pursuant to Fed. R. Civ. P. 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the Parties and his written orders, reports, and recommendations.

19. Pursuant to Fed. R. Civ. P. 53(b)(2)(E) and 53(g), the Special Master shall be compensated at an hourly rate of $750.00 for his services pursuant to this order. The Special Master shall prepare an invoice for his services which he shall provide to counsel for the Parties. The Special Master's fees shall be split equally among the Government and Respondents and shall be paid promptly and in full. The Court will review this allocation no later than at the conclusion of these proceedings and will adjust the allocation, as appropriate, after affording the Parties an opportunity to be heard.

**SO ORDERED.**

Dated: December 18, 2019

SUSAN VAN KEULEN
United States Magistrate Judge

4